David Clay Washington, Esq. [S.B. #305996]
HADSELL STORMER & RENICK LLP
4300 Horton Street, #15
Emeryville, California 94608
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Email: dwashington@hadsellstormer.com

Paul W. Comiskey, Esq. [S.B. #65510]
3370 Rattlesnake Road
Newcastle, California 95658
Telephone: (916) 663-9090
Facsimile:  (916) 663-9090
Email: paulcomiskey@hotmail.com

Attorneys for Plaintiffs

R. Craig Settlemire [S.B. 96173]
Office of the County Counsel
County of Plumas
520 Main Street, Room 301
Quincy, California 95971
Telephone: (530) 283-6240
Facsimile:  (530) 283-6116
Email: csettlemire@countyofplumas.com

Attorneys for Defendants

[Additional counsel cont. on next page]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER PEDERSEN, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF PLUMAS, et al.,<br><br>　　　　Defendants. | Case No: 2:89-CV-01659-KJN<br><br>[Assigned to Magistrate Judge Kendall J. Newman - Courtroom #25]<br><br>**JOINT STATUS REPORT**<br><br>DATE: May 29, 2020<br>TIME:  9:00 am |

---

JOINT STATUS REPORT

Dan Stormer, Esq. [S.B. #101967]
HADSELL STORMER & RENICK LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Email: dstormer@hadsellstormer.com

Attorneys for Plaintiffs

_____
JOINT STATUS REPORT

The parties submit this Joint Status Report in response to the Court's Order on January 31, 2020.  In response to the parties' Joint Status Report filed January 29, 2020 (ECF No. 122), the Court reset the Status Conference previously set for February 7, 2020, to May 29, 2020.  The primary reason for resetting the Status Conference is that the parties were waiting the scheduling of a site visit by the NCCHC accreditation team to the Plumas County Correctional Facility and the results of that site visit. Because the NCCHC site visit that was scheduled for April 2020 was postponed as a result of the COVID-19 pandemic, the parties propose that the status conference set for May 29, 2020, be further continued for a period of 90 days.

In addition to recent developments, for ease of reference this Joint Status Report incorporates information included in the prior Joint Status Report to provide an update since the last Status Conference held May 24, 2019.

At the May 24, 2019, Status/Settlement Conference, the parties primarily addressed the following topics: 1) County's proposal to attempt to become accredited by NCCHC (rather than IMQ); 2) Plaintiffs' counsels' request for attorney's fees; 3) development of a stipulation for amending the Consent Decree addressing matters resolved to date; and 4) future monitoring period considerations including a proposal from Plaintiffs' Counsel for a flat fee for such monitoring.  The Court ordered the parties to submit an updated Joint Status Report on January 31, 2020, and set another status conference/settlement conference for February 7, 2020, at 9:00 AM. Provided that the parties are in agreement, the Court indicated flexibility in the rescheduling of the next status conference giving consideration to progress with the NCCHC accreditation process.

Subsequent to the May 24, 2019, status conference, and upon consideration of the joint stipulation of the parties, the Court made its order for defendant County of Plumas to pay plaintiffs' counsel a total of $286,694.25 for the attorneys' fees

JOINT STATUS REPORT                    -1-

and costs in this case through December 31, 2017, to be paid in three equal installments of $95,564.75 over three fiscal years.

**1. Plaintiffs' December 20, 2019 Inspection**

Plaintiffs' counsel David Clay Washington and Paul W. Comiskey toured the Plumas County Jail on December 20, 2019, and provide the following report:

> "Plaintiffs' counsel David Clay Washington and Paul W. Comiskey toured the Plumas County Jail with the assistance of Sergeant Gott. Plaintiffs' counsel expresses gratitude to Sergeant Gott for her courtesy and willingness to answer all questions. The staffing levels at the jail were adequate and the jail is functioning in accordance with the Consent Decree. Plaintiffs' counsel noted progressive efforts at job training through the culinary program, GED programs and other educational opportunities were being utilized by a high percentage of the inmates.
>
> "A conference with County Counsel Craig Settlemire followed the jail tour. Plaintiffs' counsel expressed concern about the law books not being maintained and a failure to notify Plaintiffs' counsel when an inmate was refused dental prosthetics. The parties discussed whether the early February status conference would be productive since the Accreditation process is still a work in progress and progress is being made toward the goal of accreditation. Plaintiffs' counsel will leave it to County Counsel to advise the court of the progress toward accreditation and to the Court to decide whether to bring the parties to the February 6 Status Conference or to move it to a later date."

With regard to maintaining law books, the County has placed an order for a current (2020) softbound copy of the California Penal Code as suggested by Plaintiffs' counsel, and notes that the law library materials accessible electronically via the Kiosk system have current versions of the Penal Code. A current copy of the Prisoner's Handbook has been printed from the website.

With regard to notification of Plaintiffs' counsel when an inmate's request for dentures is denied, the County has reminded correctional staff to notify Plaintiffs' counsel in such a situation as provided in the dental/denture policy.

On January 2, 2020, the County provided Plaintiffs' counsel with a copy of the December 30, 2019, "Environmental Health Inspection Report for the Plumas County Correctional Facility" for the inspection performed on December 20 2019. The conclusion of the report was, "The overall sanitation of the facility was satisfactory at the time of inspection." The report noted that the previous problems with the hot water supply have been corrected. It also noted that there are several locations where the flooring was in poor condition, but if the extra effort continues to keep those areas clean, Environmental Health will not require further flooring repair or replacement.

**2. Accreditation (Health Care)**

The County reports that is continuing with the process to seek accreditation by NCCHC.[1] The County has submitted all its materials in support of an application for accreditation by NCCHC. The County, its Jail Commander, and Dr. Schad, as the facility's Medical Director, have been engaged in a dialogue with NCCHC concerning the information supporting the application, and have been responding to various requests from NCCHC for additional information and/or documentation. All this is necessary preparation for a site visit by an NCCHC team. A site visit scheduled for April 2020 has been postponed because of the COVID-19 pandemic. Depending on COVID-19 developments, it is expected that the NCCHC site visit will be rescheduled for some time in the next three months.

At the same time the County has been getting ready for the NCCHC accreditation team visit, the County has continued to address matters raised by the previous visit by the Institute of Medical Quality (IMQ) as a result of a visit by the

---

[1] It has come to the attention of the County that IMQ is no longer accepting correctional accreditation, Title 15 inspection requests, or offering consultation services for correction and detentions. The original Consent Decree herein referenced standards adopted by IMQ's predecessor.

JOINT STATUS REPORT -3-

IMQ team June 26, 2017.  Attached is a "Detailed Report Addressing Health Care Accreditation" by Dr. Joseph Schad, Jail Medical Director, addressing each of the IMQ standards.  Dr. Schad states in his summary on page 1:

> "The unmet standards were reviewed and updated to show which 'not met' standards are likely to be considered 'now met' and which standards continue to remain outstanding. In regard to the 'not met' standards, the comments column identifies the barriers to accreditation and expected time frame for meeting the standard. Updated changes from previous summary are identified with 'XX' indication in the now met column.  The PCCF Medical and Behavior Health Services are excited to report that the majority, if not all, of the 'Not Met' standards have been addressed and 'Met'."

While the NCCHC accreditation process is proceeding well, as stated in the prior joint status report, the County believes the status conference/settlement conference would be more informed and productive if continued to a date after the site visit by the NCCHC team.  For that reason, the County respectfully requests that the upcoming May 29, 2020, status conference be continued for a period of approximately three (3) months.  Plaintiffs' counsel agree with this request.

**3. COVID-19**

The Plumas County Sheriff's Office responded promptly to the Plumas County Public Health Officer's declaration of local emergency as a result of the COVID-19 pandemic to provide policies, procedures, and guidance to protect correctional staff and inmates from the spread of COVID-19 in the Jail.  Copies of the same have been provided electronically to Plaintiffs' Counsel.  Where appropriate, inmates were released to reduce the overall jail population.  The Sheriff's Office also limited arrests and bookings to only serious offences in an effort to minimize contacts with deputies, correctional staff, and the inmate population and reduce the possibility of COVID-19 infection.  At this writing, there have been only four (4) positive COVID-19 tests in all of Plumas County and all of

those individuals have fully recovered.  None of the positive tests have involved law enforcement, correctional staff, or jail inmates.  As a result of early efforts to reduce the jail population and the subsequent implementation of state-wide no-bail state court rules, the Plumas County jail population has been reduced to approximately 19 inmates out of an authorized capacity of 63.

**4.  Attorneys' Fees**

The County has paid the first two installments of attorney's fees as provided in the Order dated May 24, 2019, that was based on the joint stipulation of the parties.  The last of the three installments is scheduled for payment July 1, 2020, the beginning of the next fiscal year.  The parties are in discussions regarding attorneys' fees incurred after December 31, 2017.  As discuss below with regard to amending the Consent Decree, the parties have discussed and have reached agreement on a flat fee for future monitoring.

**5.  New Correctional Facility Project**

The County's project for the construction of a new correctional facility with State of California SB 844 funding is presently under review by the three state agencies (BSCC, Department of General Services, and the Department of Finance) that must provide approval for the County to release the request for proposals (RFP) for a design-build contract.  State approval has taken longer than initially expected, and has been further slowed by the COVID-19 pandemic response, but is expected to be completed within the next several weeks.  As previously reported, the Project Milestone Schedule has been revised to push back the projected date of occupancy of the new facility by just over three months to March 4, 2022.  The County has provided Plaintiffs' counsel with the new schedule.  At Plaintiffs' counsels' request, County has also provided a copy of the current new facility concept floor plans. Delays as a result of the COVID-19 response within the State agencies are likely to result in projected date of occupancy being revised to an even later date.  While the Governor's "May Revise" to the proposed California State Budget indicates the

State of California has changed from a projected surplus to a significant deficit as a result of the economic impacts of COVID-19, the County is not aware of any changes in State funding for the construction of a new correctional facility in Plumas County.

### 6. Amending the Consent Decree:

The parties have reached agreement on language amending the Consent Decree to address the matters resolved to date. This will include a description of future monitoring activities (such as annual inspections) and flat amount for such future monitoring. The parties are preparing the same for submittal to the Court.

### 7. May 28, 2020, Status Conference

The parties propose that the status conference be continued three (3) months pending the NCCHC accreditation team site visit. It is expected that the site visit will provide the parties and the Court with important information concerning the prospects for accreditation. In addition, during that same time, the County expects to receive information from the State with regard to the new correctional facility project. The opening of a new facility can be a consideration in determining an appropriate monitoring period.

The parties are hopeful that this long litigation can soon be brought to a successful conclusion for all parties involved.

Respectfully Submitted,

HADSELL STORMER & RENICK LLP

Dated: May 21, 2020         By: /s/ David Clay Washington
                                 David Clay Washington
                                 Attorneys for Plaintiffs

Dated: May 21, 2020         /s/ Paul W. Comiskey
                             Paul W. Comiskey,
                             Attorney for Plaintiffs

JOINT STATUS REPORT                -6-

**I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing**

Dated: May 21, 2020        OFFICE OF THE COUNTY COUNSEL,
                           COUNTY OF PLUMAS

                           By:  /s/ R. Craig Settlemire
                                R. Craig Settlemire
                                Attorneys for Defendants